IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WILLIAMS,<br><br>                Petitioner,<br><br>   v.<br><br>WARDEN TICE, et al.,<br><br>                Respondents. | CIVIL ACTION<br>NO. 22-245 |

**OPINION**

**Slomsky, J.**                                                                                                          **January 10, 2024**

## I.      INTRODUCTION

Before the Court is a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Habeas Petition") (Doc. No. 1) filed by Petitioner Anthony Williams ("Petitioner"), a state prisoner incarcerated at State Correctional Institution Somerset ("SCI Somerset"). (See Doc. No. 47.) On August 28, 2023, United States Magistrate Judge Richard A. Lloret issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and a certificate of appealability not be issued. (See id.) On September 8, 2023, Petitioner filed Objections to the R&R (the "Objections"). (Doc. No. 48.) For the reasons discussed infra, the Court will approve and adopt the R&R (Doc. No. 47), deny the Petition (Doc. No. 1), and will not issue a certificate of appealability.[1]

---

[1] For purposes of this Opinion, the Court has considered Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), Respondents' Answer to the Petition (Doc. No. 17), Petitioner's Response (Doc. No. 33), Petitioner's Supplemental Pleading and Affidavit (Doc. No. 45), the Report and Recommendation (Doc. No. 47), Petitioner's Objections to the Report and Recommendation (Doc. No. 48), and the pertinent state court record.

1

II.   BACKGROUND

The crux of Williams' argument in his Habeas Petition is that the denial by the Pennsylvania Board of Probation and Parole ("Parole Board") of his parole request violated his due process rights. To understand the Parole Board's decision, dated September 30, 2021, the Court will begin by chronologically listing Williams' charges and outlining how his various sentences interact with each other.

On November 21, 2013, Williams was convicted in state court on two counts of burglary and was sentenced to six to twenty years' incarceration. See CP-39-CR-0003366-2012 ("Docket No. 3366-12"), at 55; Court of Common Pleas of Lehigh County Docket Number CP-39-CR-0003248-2012 ("Docket No. 3248-12"), at 4. However, on June 13, 2014, these convictions were reversed. Docket No. 3248-12 at 4. On June 23, 2016, Williams entered a negotiated guilty plea to the two counts of burglary. Docket No. 3366-12, at 55; Docket No. 3248-12, at 4. He was sentenced to four to eight years' incarceration on each count to run concurrently. Id. He was paroled on December 20, 2017. (Doc. No. 17 at 2.)

On February 6, 2019, while on parole, Williams was arrested on new theft-related charges. Doc. No. 17-1, at 12-13; see Court of Common Pleas of Lehigh County Docket Number CP-39-CR-0001093-2019 ("Docket No. 1093-19"). The Parole Board revoked Williams' parole based on these new theft-related charges. (Doc. No. 17-1, at 12-13.) Then, on July 26, 2019, while in custody in Lehigh County, Williams was arrested for an assault on a corrections officer. Doc. No. 17-1, at 37-42; Court of Common Pleas of Lehigh County Docket Number CP-39-CR-0003401-2019 ("Docket No. 3401-19").

The theft-related charges in Lehigh County were resolved on February 6, 2020, when a jury found Petitioner guilty of one count of receiving stolen property. Docket No. 1093-19 at 3. On this charge, he was sentenced to three to seven years' incarceration. Id. The charge of assault

on the corrections officer charge resolved on July 22, 2020, via a negotiated guilty plea to simple assault.  Docket No. 3401-19, at 3.  For this charge, Williams was sentenced to nine to eighteen months incarceration to run consecutive to the three to seven years' incarceration for the receiving stolen property conviction.  Id.

Based on these sentences, Williams was eligible for parole on October 22, 2021.  (Doc. No. 17 at 4.)  On September 30, 2021, the Parole Board denied him parole.  (Id.)  Public dockets show that Petitioner is still incarcerated at SCI Somerset.

On January 11, 2022, Williams filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Habeas Petition") in the Eastern District of Pennsylvania.  (Doc. No. 1.) Williams claims that the Parole Board's failure to parole him on September 30, 2021, was arbitrary and capricious and therefore denied him due process.  (See id.)  The Parole Board filed a response submitting that Williams is not entitled to relief because his claims are meritless.  (Doc. No. 17.) On August 28, 2023, Magistrate Judge Lloret filed a R&R recommending denial of Williams' Petition for two main reasons.  (See Doc. No. 47.)  First, Williams is not considered to be "in custody" as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA") to bring his Habeas Petition, and second, Williams' due process claim is meritless.  (Id. at 4-5.)  On September 8, 2023, Petitioner filed Objections to the R&R (Doc. No. 48), which are now before the Court for review.  For the reasons discussed below, Petitioner's Objections will be overruled and the R&R will be adopted.

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.  Any party may file objections in response to the magistrate judge's Report and Recommendation.  § 636(b)(1)(C).  Whether or not an objection is made, a

3

district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. "The [district] judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions." Id. "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also 28 U.S.C. § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. Under the rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

IV.  ANALYSIS

In his Objections, Petitioner makes four objections to the R&R's recommended denial of his Petition. (Doc. No. 48.) First, he objects to the Magistrate's June 16, 2022 Order denying Williams' Motion for Discovery of a District Attorney's letter to the Parole Board. (Id. at 2.) Second, Williams objects to the R&R's recitation of his case's procedural history. (Id. at 3.) Third,

4

he objects generally to the discussion in Section "A" of the R&R. (Id. at 4.) Fourth, he makes the same objection to the discussion in Section "B" of the R&R. (Id. at 7.) These Objections will be addressed seriatim.

> **A. Petitioner's Objection to Magistrate Judge Lloret's Order Denying Discovery will be Overruled Because There is no "Good Cause" for Discovery.**

Petitioner first objects that he was improperly denied discovery by the Magistrate Judge. (Id. at 2.) When the Parole Board denied Williams' parole, it gave ten reasons for the denial.[2] Williams claimed that he had a right to discovery of the Parole Board's tenth reason, which is "[t]he negative recommendation made by the prosecuting attorney." (Doc. No. 1 at 50-51; Doc. No. 29.) The Magistrate Judge denied this request (Doc. No. 32) and Williams asserts in his Objections that he had a right to this discovery because the Magistrate Judge's denial prevented him from further developing his claims. (See Doc. No. 48.)[3] This discovery request was fully

---

[2] The Board's ten reasons are as follows:

- Your unacceptable compliance with prescribed institutional programs.
- Your need to participate in and complete additional institutional programs.
- Your risk and needs assessment indicating your level of risk to the community.
- Your prior unsatisfactory parole supervision history.
- Reports, evaluations, and assessments/level of risk indicates your risk to the community.
- Your failure to demonstrate motivation for success.
- Your minimization/denial of the nature and circumstances of the offense(s) committed.
- Your lack of remorse for the offense(s) committed.
- The existence of a state detainer filed against you.
- The negative recommendation made by the prosecuting attorney.

(Doc. No. 1 at 50-51.)

[3] Petitioner also filed a Motion for Reconsideration of this Order (Doc. No. 35), which was denied (Doc. No. 36).

5

considered by the Magistrate Judge, who properly denied this request. Thus, Williams' Objection fails.

For habeas petitions, "[r]ule 6(a) of the Rules Governing Section 2254 cases permits discovery only if and only to the extent that the district court finds good cause." Paladino v. Burns, 2013 WL 3716521, at *6 (E.D. Pa. July 15, 2013) (citing Bracy v. Gramley, 520 U.S. 899, 908-09 (1997)). To demonstrate "good cause" to warrant discovery, a petitioner must set forth "specific allegations" that would lead the court to believe that, if the facts were fully developed, he might be entitled to relief. Bracy, 520 U.S. at 908-09. A petitioner may not engage in a "fishing expedition," and "bald and conclusory allegations do not provide sufficient ground to warrant a state to respond to discovery." Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994).

Here, Williams alleges that discovery of the District Attorney's recommendation would show that his due process rights were violated and would therefore warrant relief. But Williams does not state how a negative recommendation made by the prosecuting attorney could possibly affect his due process rights. For this reason, he is merely engaging in a fishing expedition, hoping to find something to help his claim. In any event, the R&R's analysis of Williams' due process claim is as follows:

> Williams procedural due process claim is quickly dispatched. A claim of violation of procedural due process will not stand unless the petitioner can (1) demonstrate the existence of a protected interest in life, liberty, or property that has been interfered with by the state, Board of Regents v. Roth, 408 U.S. 564, 571 (1972); and (2) establish that the procedures attendant upon that deprivation were constitutionally insufficient. Hewitt v. Helms, 459 U.S. 460 (1983). A protected interest may arise from either the Due Process Clause of the United States Constitution, or the laws of the states. Id. at 466. Since the Constitution does not create a constitutionally based right to parole, Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996), Williams would need to demonstrate that the Pennsylvania parole statute provides prisoners with an expectation of release. It does not. Weaver v. Pa. Board of Prob. and Parole, 688 A.2d 766, 773 (Com. Ct. Pa. 1997). Therefore, there is no liberty interest affected by the Board's decision to deny

6

> parole, and Williams has suffered no violation of procedural due process. Id. (citing King v. Pa. Board of Prob. and Parole, 534 A.2d 150 (Com. Ct. Pa. 1987)). Williams concedes this. See Petition at 22.
>
> Williams' argument that he has suffered a substantive due process violation also fails. 'Although a prisoner does not have a liberty or property interest in parole for the purposes of procedural due process under Greenholtz, "once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."' Clapper v. Thompson[,] 2014 WL 4384355, at *4 (W.D. Pa. 2014) (citing Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980)). 'Arbitrary' or 'constitutionally impermissible reasons' include reasons which would violate the Equal Protection Clause, such as denials based on race, or on a prisoner's exercise of his Constitutional rights, or another 'conscience shocking' or 'deliberately indifferent' reason. Hunterson, 308 F.3d at 246- 47. Far from shocking or indifferent, the reasons given for denying his parole appear rational and geared specifically toward ensuring community safety. The Third Circuit has 'made clear that the federal courts, on habeas review, are not to "second-guess parole boards," and the requirements of substantive due process are met if there is some basis for the challenged decision.' Id. at 246; quoting Coady, 251 F.3d. at 487. There is such a basis here.

(Doc. No. 47 at 7-8.)

Here, the Court agrees with the Magistrate Judge's findings that Williams' underlying due process claims fail. As such, there is nothing to indicate the District Attorney's recommendation was "conscience shocking" or "deliberately indifferent" in light of the nine other reasons given by the Parole Board "that appear rational and [are] geared specifically toward ensuring community safety." (Doc. No. 47 at 8.) On the contrary, it appears that Williams' is attempting the "fishing expedition" discovery that the Third Circuit held to be improper in Deputy, supra, by arguing that there is a chance that the recommendation either did not exist or that the recommendation said "impermissible things."[4] (Doc. No. 48 at 3.) Such bald allegations that there could be a violation

---

[4] Notably, Williams concedes that the District Attorney's Recommendation "could have been legitimate," thus bolstering the theory that Williams is engaging in a "fishing expedition" for discovery that is impermissible in a federal Habeas Corpus case. See Deputy, 19 F.3d at 1493.

7

in the recommendation does not satisfy the "good cause" standard. Thus, the Magistrate Judge's denial of the discovery request was proper, and Williams Objection will be overruled.

### B. Williams' Objection to the Procedural History in the R&R is Meritless.

Next, Williams objects to the R&R's procedural history. More specifically, he argues that it misstates the standard resulting in "an incorrect claim assessment" by the Magistrate Judge. (Doc. No. 48 at 4.) This claim is meritless for two reasons.

First, courts have found that any purported mistake or failure to describe relevant procedural history does not impact a Habeas Petitioner's Claims. See Steward v. Grace, 362 F.Supp.2d 608, 620 (E.D. Pa. 2005) ("Any failure of the R & R to explain this procedural history does not impact Petitioner's claims.") Second, Williams' claim is meritless.

Williams argues that on page three of the R&R, the Magistrate Judge improperly characterized Williams' claim as the Parole Board's decision being "arbitrary and capricious and thus denied him due process" when he argues he actually stated that the decision was "arbitrary, pretextual and vindictive."[5] (Doc. No. 48 at 4.) This difference in language is de minimis and regardless, as discussed in Section IV(A), supra, Judge Lloret applied the proper standard for a due process claim. Accordingly, Williams Objection will be overruled.

### C. Williams' Objections to the Discussion Section "A" of the R&R Will Be Overruled.

Williams next objects to the discussion in Section "A" of the Magistrate Judge's R&R. He makes two arguments. (Doc. No. 48 4-7.) First, he argues that the R&R improperly construed Petitioner's supplemental pleading as an attempt to plead a § 1983 claim. (Id. at 4-5.) Second, he

---

[5] In making this argument, Williams ignores that on page eight of the R&R, Judge Lloret states that "[w]hile Williams believes that the denial of parole was 'arbitrary, pre-textual and vindictive . . .'" (Doc. No. 47 at 8 (citing Doc. No. 1 at 21)).

objects generally to Judge Lloret finding that Williams is not considered "in custody" as required by AEDPA. (Id. at 6.) The Court will address each objection in turn.

    a. 42 U.S.C. § 1983 Objection

Evans objects to a footnote in the R&R that states:

> The remainder of the supplemental briefing contains a non-cognizable claim under habeas review. Petitioner argues he was subjected to retaliation for pursuing his first amendment rights. Doc. No. 45, at 1 (citing Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (deciding a 42 U.S.C. § 1983 claim pursuant to an alleged first amendment violation)). Section 1983 claims are federal question claims that are separate from AEDPA review. See Coello v. DiLeo, 43 F.4th 346 (3d Cir. 2022).

(Doc. No. 47 at 4, n. 2.) Petitioner argues that his "supplemental pleading was not an [a]ttempt to plead a § 1983 claim, but to show the Court additional vindictive conduct by the Parole Board." (Doc. No. 48 at 4.) But Williams did assert a § 1983 claim and, regardless, Williams' allegations fail to show actual vindictiveness by the Parole Board.

In his supplemental pleading, Williams argues that he satisfies the three prongs for a retaliation claim, as set forth in Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). (Doc. No. 45 at 1-2.) As the R&R properly stated, a retaliation claim for pursuing First Amendment rights is non-cognizable on federal habeas review because it is a § 1983 claim. See Coello v. DiLeo, 43 F.4th 346 (3d Cir. 2022). In his supplemental pleading, Williams begins his argument with, "to plead retaliation for the exercise of a first Amendment rights…" (Doc. No. 45 at 1) (emphasis added). This statement illustrates that he is alleging a First Amendment retaliation claim. For this reason, Williams cannot now claim that he was setting forth a vindication claim when he explicitly states that he was attempting to plead a retaliation claim. (See Doc. No. 45 at 1.) Regardless, even in

9

construing a pro se litigants' allegations liberally, Williams' claim also fails as a vindication claim.[6]

Accordingly, Williams' Objection will be overruled.

### b. Not "in Custody" under AEDPA Objection

Finally, Williams objects to Judge Lloret's finding that Williams is no longer "in custody" as required by AEDPA. (Doc. No. 48 at 6.) This claim is meritless because notwithstanding Judge

---

[6] "Due process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Barnhart v. Grace, Civ. Act. No. 1:06-CV-1404, 2007 WL 2688721, at *3 (M.D. Pa. Sep. 11, 2007) (citing North Carolina v. Pearce, 395 U.S. 711, 725 (1969). "Whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." Id. at 726. "Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purpose . . . " Alabama v. Smith, 490 U.S. 794, 798-99 (1989). The presumption of vindictiveness may be overcome by objective information justifying the increased sentence. Texas v. McCullough, 475 U.S. 134, 142 (1986).

The Third Circuit has applied the presumption of vindictiveness derived from Peace to parole proceedings. See Marshal v. Lansing, 839 F.2d 933, 947 (3d Cir.1988) ([j]ust as a sentencing judge might resent a challenge to an underlying conviction which he himself had overseen, so too might the [Parole] Commission look unkindly upon a successful court challenge to its rating of a prisoner's offense severity, thus supplying the motive for retaliation.").

However, for the presumption of vindictiveness to exist, a petitioner must have been successful in an earlier challenge to the Parole Board's action. Barnhart, 2007 WL 2688721, at *4. Absent a successful earlier challenge, "petitioner can prevail only if he establishes actual vindictiveness or retaliation on the part of the Board." Id. In Barnhart, petitioner failed to establish actual vindictiveness or retaliation when the Parole Board denied his 2005 request for parole and set his next parole review date for 2012. Id. The court held that the Board could have had several non-vindictive reasons for setting the 2012 date and absent a successful earlier challenge, he could not show actual vindictiveness by the alleged facts. Id. These differences include a different makeup of the Parole Board and new statements made by petitioner that caused the Board to conclude that petitioner was a serious risk to public safety. Id.

Here, Petitioner was not successful in an earlier challenge. His parole was denied on September 30, 2021, and he does not allege that he successfully appealed this decision. (See Doc. No. 1). Instead, he is attempting to allege that the Parole Board is vindictively delaying his parole requests because he filed the instant Habeas Corpus Petition. (See Doc. No. 45 at 4.) This claim fails to establish actual vindictiveness or retaliation because, like the Petitioner in Barnhart, there are other proper reasons given for the denial of parole.

Lloret's AEDPA discussion, Judge Lloret ultimately reviewed Williams' Due Process Claim on the merits. (See Doc. No. 47 at 5.) Thus, Williams' Objection is meritless and will be overruled.

### D. Williams' Objections to Discussion Section "B" Will Be Overruled.

Williams raises several objections to Section "B" of the Magistrate Judge's R&R. (Doc. No. 48 at 7-11.) First, he asserts again his argument about the arbitrary and capricious standard that was fully discussed and found to be meritless in Section IV(B), supra.[7] Next, he attempts to reargue that all ten reasons for denying parole given by the Parole Board show that the Board's decision was pretextual, vindictive and arbitrary. (Doc. No 48 at 8.) As Judge Lloret properly states, "digging into the reasons behind the Parole Board's decision is not permissible" and does not rise to the level of a constitutional claim. (Doc. No. 47 at 8 (citing Stewart v. Pa. Board of Prob. and Parole, 714 A.2d 502, 507 (Comm. Ct. Pa. 1998))). Further, many of these claims were initially raised in his Habeas Petition (Doc. No. 1) and fully analyzed by Magistrate Judge Lloret and found to be without merit. Finding no error in his analysis, this Court will overrule Petitioner's Objections.

Next, Williams attempts to reargue his due process claim by stating that many of the grounds on which the Parole Board relied in making its decision on were "false."[8] These

---

[7] He also adds to this objection that "no where [d]o I mention the word 'capricious' in my petition, which is a different standard than pretextual and vindictive actions." (Doc. No. 48 at 7.) Williams is correct that these are different standards; however, he is misstating the relevant law. "Arbitrary and capricious" is a part of the standard to show a due process violation and is discussed in Section IV(A) of this Opinion, supra, where the Court found that Williams did not meet this standard. Vindictive actions have a separate standard that was discussed footnote 4, supra, and is also a standard that Williams failed to meet.

[8] While Petitioner states that "[t]he Magistrate then goes on to say that the [Third Circuit] cautions against second guessing the Parole [B]oard. I am not asking the court to do that." (Doc. No. 48 at 9.) However, second guessing the Parole Board's decision is precisely what he is asking the Court to do and such a request is not grounds for Habeas Relief. See Stewart v. Pa. Board of Prob.

arguments were fully discussed in the Magistrate Judge's R&R and upon careful consideration by this Court will be adopted. No showing has been made by Petitioner that they were false, and in any event, as noted earlier, going behind the Board's decision is not permissible. See Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) ("federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."). Thus, Williams' Objections will be overruled.

## V.  CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Lloret's Report and Recommendation (Doc. No. 47), overrule Williams' Objections (Doc. No. 48), and deny Petitioner Anthony Williams' § 2254 Petition for a Writ of Habeas Corpus (Doc. No. 1). No certificate of appealability will be issued because there has been no substantial showing of the denial of a constitutional right. An appropriate Order follows.

---

and Parole, 714 A.2d 502, 507 (Comm. Ct. Pa. 1998) (digging into the reasons behind the Parole Board's decision is not permissible).